**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL TOLIVER JORDAN, 530152** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-857-L |
| | ) | |
| **DOUGLAS DRETKE, Director, Texas** | ) | |
| **Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for writ of habeas pursuant to 28 U.S.C. § 2254. Respondent is Douglas Dretke, Director of TDCJ-CID.

**II.  Background**

On January 24, 1988, Petitioner pled guilty to theft of property and was sentenced to four years confinement. *State of Texas v. Jordan*, No. F-88-89376-NR (265th Jud. Dist. Ct., Dallas County, Tex., Jan. 24, 1988). Petitioner did not appeal his conviction.

On or about May, 2002, Petitioner filed a state petition for writ of habeas corpus. On June 19, 2002, the Texas Court of Criminal Appeals denied the petition.

On April 30, 2004, Petitioner filed this petition. Petitioner seeks to challenge his 1988

conviction because he states it was used to enhance his sentence in a 1989 Denton County case. *See State of Texas v. Jordan*, No. F-89-943-E, (367th Jud. Dist. Ct., Denton County, Texas, May 31, 1990). He argues his 1988 conviction is void because the indictment was defective. The 1988 conviction was also enhanced and he argues the enhancement was void.

### III. Discussion

The Court must first examine whether it has jurisdiction in this case. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A federal court may consider a writ of habeas corpus only "on behalf of a person in custody . . . . in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A petitioner satisfies the "in custody" requirement when the challenged conviction has not fully expired at the time he files a petition under § 2254. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). A petitioner is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Id*.

In this case, Petitioner is not in custody on his 1988 conviction. His four-year sentence for that conviction has fully expired. As a result, he cannot bring a federal habeas action based

solely on his 1988 conviction.

Petitioner claims that his 1988 conviction was used to enhance a 1989 Denton County conviction. Petitioner filed a federal habeas corpus petition in the Eastern District of Texas challenging his 1989 Denton County conviction. The Court dismissed the habeas petition as barred by limitations. *Jordan v. Dretke*, 4:04-CV-114-RAS-DDB (E.D. Tex. dismissed June 23, 2004). In Petitioner's habeas petition challenging his 1989 Denton County conviction, he could have challenged the use of his 1988 conviction as an enhancement. *See Maleng* at 493-94. Petitioner, however, cannot file a habeas petition solely challenging his 1988 conviction because he is no longer in custody on that conviction.

Further, the Court declines to construe the petition as a challenge to the 1989 Denton County conviction. Since Petitioner has already filed a federal habeas petition challenging this conviction, Petitioner would first need to seek leave from the Fifth Circuit Court of Appeals to file a second or successive § 2254 petition. 28 U.S.C. § 2244(b)(3)(A). The Court therefore finds the petition should be dismissed for lack of jurisdiction.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice for lack of jurisdiction.

Signed this 1ST day of March, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings and recommendations to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).